JEFFREY A. COHEN (SBN 149615)
NADINE ALSAADI (SBN 339899)
**COHEN BUSINESS LAW GROUP**
*A Professional Law Corporation*
10990 Wilshire Blvd., Suite 1025
Los Angeles, California 90024
Tel:  (310) 469-9600
Fax:  (310) 469-9610

*Attorneys for Plaintiff*
**WELL GO USA, INC.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| WELL GO USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> VITA AMINATION GROUPS, and PENG CAILIN, individually <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT** <br><br> (1) Copyright Infringement – 17 U.S.C. § 501 *et seq*. <br><br> (2) Wrongful Takedown Notice 17 U.S.C. 512(f) <br><br> **DEMAND FOR TRIAL BY JURY** |

Plaintiff, Well Go USA, Inc. ("WGU"), by and through its undersigned counsel, alleges as follows against Vita Animation Groups and Peng Cailin ("Cailin") (collectively, "Defendants"):

### PARTIES

1. Plaintiff WGU is a Texas corporation, doing business as Well Go USA Entertainment, with its principal place of business at 3801 W Plano Pkwy, Suite 300, Plano, Texas 75083.

COMPLAINT

2. On information and belief, Defendant Vita Animation Groups is a resident of China. Defendant has expressly consented to jurisdiction and can be served with process at YouTube's physical location at YouTube, LLC 901 Cherry Ave., San Bruno, California 94066.

3. On information and belief, Defendant Cailin is an individual resident of China. Defendant has expressly consented to jurisdiction and can be served with process at YouTube's physical location at YouTube, LLC 901 Cherry Ave., San Bruno, California 94066.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims set forth in this Complaint under 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. § 1338(a) (copyright actions).

5. On information and belief, Defendants regularly and systematically conduct business in this District and within this Division and have expressly consented to jurisdiction within this Division. Accordingly, Defendants are subject to the personal jurisdiction of this Court.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (b) and (c) because, on information and belief, a substantial portion of the acts and omissions complained of herein, including acts of infringement, occurred in this District and within this Division, and because there is no district in which an action may otherwise be brought as provided by 28 U.S.C. § 1391, and Defendants have expressly consented to the Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

**A.  WGU's Business and Copyright**

7. WGU is an entertainment company that produces, markets, and distributes motion pictures and other media in the United States and numerous other

territories.

8.  Beijing Enlight Pictures Co., Ltd. ("Beijing Enlight Pictures") owns the rights to the film JIANG ZIYA ("Jiang Ziya") (Chinese name "姜子牙").

9.  On or about January 6, 2020, WGU entered into a sub-license agreement with Beijing Enlight Pictures granting WGU its exclusive license to distribute Jiang Ziya (the "WGU License Agreement"). Pursuant to this WGU License Agreement, WGU has exclusive rights to the distribution, exhibition, licensing and sale of the Jiang Ziya (including any and all cut, re-cut, edited, re-edited, dubbed, re-dubbed, and other versions in the authorized languages thereof) within North America, which is defined as the United States and Canada and its respective protectorates, commonwealths, territories, trusteeships, and possessions, including Puerto Rico, Baker Island, Guam, Marshal Islands, Northern Marianas, American Samoa, US Virgin Islands, and Wake Island; all U.S. military installation and ships flying the flag of the U.S. wherever located. Authorized language rights for the film include the Original Chinese (Mandarin or Cantonese) and English whether dubbed or subtitled in the authorized languages. The WGU License Agreement expressly includes Internet downloading and streaming video and runs for a term of ten years from the signing of the agreement. *See* WGU License Agreement attached hereto as Exhibit A.

10. WGU subsequently registered its rights in the Jiang Ziya with the U.S. Copyright Office at U.S. Copyright Registration No. PA 2-346-061, effective October 13, 2021 (the "Copyrighted Work"). *See* Copyright Registration Certificate, attached hereto as Exhibit B.

11. WGU's copyright registration is currently valid, subsisting, and in full force and effect. WGU has taken appropriate measures to protect its copyright and place the public on notice thereof. WGU has never authorized Defendants to stream,

display, or distribute the Copyrighted Work in violation of WGU's copyright.

**B.     Defendants' Infringement of WGU's Copyright**

12.     On or about July 2, 20232, WGU discovered that Defendant Vita Animation Groups had posted a full-length copy of Jiang Ziya to YouTube at http://www.youtube.com/watch?v=t2sHbm3sRzc. This full-length version of the Copyrighted Work, as posted by Defendant, was available to viewers within the United States without WGU's knowledge or consent and in violation of WGU's copyright and YouTube's own Terms of Use. Accordingly, WGU submitted a formal request that YouTube remove the infringing content on these bases.

13.     On or about July 4, 2023, WGU received notice from YouTube that Defendant Cailin (on behalf of Defendant Vita Animation Groups) thad submitted a counter notification to YouTube claiming "…a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled." Defendants failed to substantiate this statement or otherwise support this claim of valid use of the posted content, which is wholly inconsistent with the ownership of the film by Beijing Enlight Pictures and the licensing of the film to WGU as set forth above.

14.     In connection with this counter-notice, Defendants expressly "consent[ed] to the jurisdiction of the Federal District Court for the district in which [his] address is located, or if [his] address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."

15.     Upon receipt of the counter-notice, and consistent with YouTube Terms of Service, YouTube advised WGU that it had ten business days within which to "file[] an action seeking a court order against the counter notifier to restrain the allegedly infringing activity" and that in most cases, "such evidence would include a

lawsuit against the uploader who filed the counter notification[s]" and "which names the specific YouTube URL(s) at issue."

16. On information and belief, Defendants are in the business of the distribution of motion pictures and other media. As detailed above, Defendants have directed their business activities toward consumers in North America and specifically within this Judicial District.

17. Defendants' online distribution of the Copyrighted Work, using YouTube's streaming services, and without the knowledge, consent, or authorization of WGU violates WGU's exclusive rights of reproduction, derivative works, distribution, and public display.

## CLAIMS FOR RELIEF

### FIRST CLAIM

### Federal Copyright Infringement

### (17 U.S.C. § 501 *et seq.*)

18. WGU incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

19. WGU is the sole owner of all right, title, and interest to the Copyrighted Work and of the corresponding copyright and Certificate of Registration. As a copyright holder pertaining to the Copyrighted Work, WGU has the exclusive right, subject to certain limitations, to reproduce the work, prepare derivative works, distribute copies of the work, and/or publicly display the Copyrighted Work. 17 U.S.C. § 106(1)-6). "Anyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright." 17 U.S.C. § 501(a).

20. The Copyrighted Work consists of original material and is copyrightable in subject matter.

21. Defendants publicly displayed and/or distributed a copy of WGU's Copyrighted Work for financial gain and without WGU's approval or authorization, in violation of WGU's copyright.

22. As demonstrated by Defendants' submission of a counter-notice to YouTube, Defendants have used and will continue to use WGU's Copyrighted Work through online streaming platforms including but not limited to YouTube and other online venues.

23. Such use violates WGU's exclusive rights of reproduction, derivative works, distribution, and public display pursuant to U.S. Copyright Registration No. PA2-159-403.

24. The foregoing acts of Defendants constitute infringement of WGU's intellectual property rights in violation of the Copyright Act (17 U.S.C. § 501 *et seq.*).

25. The acts of infringement by Defendants have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of WGU.

26. As a direct and proximate result of the Defendants's actions, WGU has suffered damages for which WGU now sues.

27. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

28. Pursuant to 17 U.S.C. § 504(b), WGU is entitled to recover its actual damages and all profit Defendants have made as a result of its wrongful conduct.

29. Alternatively, pursuant to 17 U.S.C. § 504(c), WGU is entitled to statutory damages between $750 and $30,000 per infringed work, and up to $150,000 per infringed work as a result of Defendants' willful and intentional conduct.

30. Pursuant to 17 U.S.C. § 505, WGU requests an award of its full attorney fees and costs.

31. Because the Defendants' actions have been willful and deliberate, this

is an exceptional case for which attorneys' fees are recoverable under 15 U.S.C. § 1117(a).

## SECOND CLAIM

## Misrepresentation in Counter Notification

## (17 U.S.C. § 512(f))

32. WGU incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

33. On information and belief, Defendants knew or should have known that Defendants did infringe on WGU's copyright as of the date he sent YouTube his counter notification pursuant to 17 U.S.C. §512.

34. Accordingly, Defendants violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting to YouTube that the removal of this streaming video on the basis of infringement (i.e., without license or consent of the Copyright owner) was a mistake.

35. As a direct and proximate result of Defendants' actions, WGU has been injured substantially and irreparably.

## APPLICATION FOR INJUNCTION

36. WGU incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

37. Upon information and belief, Defendants, unless enjoined, will continue to infringe WGU's Copyrighted Work as described in this Complaint. These acts violate the Copyright Act.

38. These actions entitle WGU to injunctive relief and, upon hearing, permanent injunction enjoining Defendants and their representatives, officers, agents, servants, employees, users, and attorneys, and all those persons in active concert or in participation with them from:

   (i) Any unauthorized use of the Copyrighted Work, including reproducing, distributing, adapting, and/or publicly displaying the Copyrighted Work in an unauthorized manner;

   (ii) infringing any rights of WGU; and

   (iii) Otherwise competing unfairly with WGU or injuring its business reputation in any manner.

39. For these actions, there is no adequate remedy at law. Further, WGU is substantially likely to prevail on the merits of these claims. The injury to WGU greatly outweighs any injury to Defendants that the requested injunction may cause. The balance of hardships tips strongly in favor of WGU. Finally, the injunction will not disserve the public interest. Therefore, WGU is entitled to preliminary and permanent injunctive relief against Defendants.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Well Go USA, Inc. prays that Defendants Vita Animation Groups and Peng Cailin, individually, be cited to appear and answer and that after a hearing, the Court grant the following relief:

40. In accordance with 17 U.S.C. § 502 and 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendants and their representatives, officers, agents, servants, employees, users, if any, and attorneys, and all those persons in active concert or participation with Defendants from the acts described in this Complaint;

41. Order Defendants to file with the Court and serve on WGU's counsel within 30 days after service of the order requiring the actions specified above, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

42. Order Defendants to provide an accounting of all financial gain related to Defendants' infringement of the Copyrighted Work in accordance with 17 U.S.C. § 504(b);

43. Enter judgment against Defendants for WGU's actual damages and Defendants' profits under the Copyright Act (17 U.S.C. § 504(b)), or alternatively, for statutory damages under § 504(c);

44. In accordance with 15 U.S.C. § 1117(a), 17 U.S.C. § 505, 17 U.S.C. § 512(f), and 17 U.S.C. § 1203(b)(5), award WGU its reasonable attorney fees, costs, and expenses of this action;

45. In an amount exceeding the jurisdictional minimum of this court;

46. Award WGU pre-judgment and post-judgment interest as provided by law; and

47. Such other and further relief at law or in equity as WGU may be justly entitled.

### DEMAND FOR TRIAL BY JURY

WGU demands a trial by jury on its claims alleged against Defendants.

Dated: July 12, 2023

**COHEN BUSINESS LAW GROUP**
A Professional Corporation

By: /s/ Jeffrey A. Cohen
———————————————
JEFFREY A. COHEN
NADINE ALSAADI
Attorneys for Plaintiff,
**WELL GO USA, INC.**